Adam Rose (210880)
adam@frontierlawcenter.com
Manny Starr (319778)
manny@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorney for Plaintiffs
Tanisha Buckner, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANISHA BUCKNER, BEN DOCENA, CARLOS COLLIER, BENJAMIN WOODS, and GENE SUNSHINE, individually and on behalf of all similarly situated individuals and aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>TRIPLE CANOPY, INC., and DOES 1 to 10,<br><br>Defendants. | NO. 3:23-cv-00913-TLT<br><br>FIRST AMENEDED CLASS ACTION COMPLAINT<br><br>1. Meal Period Violations<br>2. Rest Period Violations<br>3. Overtime Violations<br>4. Wage Statement Penalties<br>5. Work Expenditure Reimbursements<br>6. Violation of Unfair Competition Law<br>7. PAGA Penalties<br><br>DEMAND FOR JURY TRIAL |

JURISDICTIONAL STATEMENT

1. There is diversity jurisdiction pursuant to 28 USC § 1332 since Plaintiffs are citizens of California and Defendant is incorporated in Illinois, and headquartered in Virginia, and the amount in controversy exceeds $75,000.

DIVSIONAL ASSIGNMENT

2. Pursuant to L.R. 3-2(c), the case is assigned to the San Francisco Division since the action arose in San Francisco County.

///

FACTUAL ALLEGATIONS

3. Plaintiff Tanisha Buckner is a resident of Solano County.

4. Plaintiff Ben Docena is a resident of Alameda County.

5. Plaintiff Carlos Collier is a resident of Alameda County

6. Plaintiff Benjamin Woods is a resident of Alameda County.

7. Plaintiff Gene Sunshine is a resident of Alameda County.

8. Defendant Triple Canopy, Inc. is an Illinois corporation, headquartered in Virginia, that is qualified to do business in California.

9. Plaintiff does not know the true names and capacities of Does 1 to 10 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Federal Rule of Civil Procedure 15 to allege the true names and capacities when ascertained.

10. Plaintiff is informed and believes that each of the Defendant was the agent or employee of the other defendants and acted in the scope of agency or employment.

11. Since Plaintiffs and the class members provide work as security guards, Industrial Welfare Commission Occupational Wage Order 4 applies.

12. Throughout Plaintiffs' and the class members' employment, they did not receive compliant meal and rest periods, did not receive accurate wage statements, did not receive overtime at the correct regular rate, and were not reimbursed for work-related expenses.

13. On January 23, 2023 Plaintiffs sent a certified PAGA letter to Triple Canopy, Inc. and uploaded the letter to the LWDA website. Since it has been more than 65 days, Plaintiffs may now include PAGA allegations.

CLASS ACTION ALLEGATIONS

14. The class is defined as the following: "All non-exempt employees who worked for Defendants as security guards in California from October 8, 2021 to the date of certification." whichever is earlier."

15. Pursuant to Fed. R. Civ. P. 23(a), there is a well-defined community of interest, and the proposed class is ascertainable from Defendants' employment records:

-2-
FIRST AMENDED COMPLAINT

a. <u>Numerosity</u>: The members of the class as defined are so numerous that joinder of all class members is impracticable.

b. <u>Commonality</u>: This action involves common questions of law and fact to the class because the action focuses on Defendants' systematic course of conduct with respect to violating the Labor Code and IWC Wage Order.

c. <u>Typicality</u>: The claims are typical of the claims of the class. Plaintiff was subjected to the same violations and seeks the same types of damages, restitution, and other relief on the same as those of the members of the class.

d. <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs understand the obligations as a class representative and is willing and able to fulfill them. Plaintiffs' counsel is competent and experienced in litigating large employment class actions and complex litigation matters, including wage and hour cases like this.

e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the efficient adjudication. Class action treatment will allow similarly situated persons to pursue the claims in a manner that is most efficient and economical.

16. There are common questions of law and fact including but not limited to:

f. Whether Defendants did not pay overtime at the correct regular rate of pay in violation of Cal. Lab. Code §§ 510 and 1194;

g. Whether Defendant violated Cal. Lab. Code § 512 and Wage Order 4 by not providing meal and rest breaks;

h. Whether Defendants violated Cal. Lab. Code § 226 by providing inaccurate wage statements;

i. Whether Defendant violated Cal. Lab. Code § 226.7 by not paying premium pay for missed meal and rest breaks;

j. Whether Defendants did not reimburse for work-related expenses in violation of Cal. Lab. Code § 2802; and

k. The amount of damages, wages, and penalties owed to Plaintiffs and the class.

<u>FIRST CAUSE OF ACTION</u>

Meal Period Violations

Against All Defendants

17. Plaintiffs incorporate by reference paragraphs 1 to 16 of the first amended complaint.

18. Cal. Lab. Code § 226.7(b) requires employers to provide its employees meal periods as mandated by IWC Wage Order 4 and Labor Code section 512(a).

19. These provisions also provide that an employer may not employ any person for a work period of more than five hours per day without a meal period of not less than 30 minutes.

20. The meal periods, if any, taken by Plaintiffs and the class members were on-duty meal periods meaning they were not relieved of all duties.

21. Defendants used to have a system of "breakers" whose responsibility it was to provide breaks to security guards and cover for the security guards who were taking breaks.

22. However, Defendants stopped using the breaker system which effectively eliminated Plaintiffs' and the class members' ability to take breaks.

23. Pursuant to CACI No. 2765 and *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), an employer must do all the following for meal breaks: 1) provide a reasonable opportunity to take uninterrupted 30-minute meal breaks on time, 2) does not impede the employee from taking 30-minute meal breaks, 3) does not discourage the employee from taking 30-minute meal breaks, 4) relieves the employee of all duties during 30-minute breaks, and 5) relinquishes control over the employee's activities during 30-minute meal breaks, including but not limited to requiring the employee to stay on the premises.

24. As stated above, Plaintiffs and the class members could not take meal breaks since breakers were not available to relieve Plaintiffs and the class members.

35. Further, Cal. Lab. Code § 512(e) & (f) do not apply; these subdivisions would exempt security guards from meal breaks if there were a valid collective bargaining agreement that expressly provided for the wages, hours of work, and working conditions of employees, <u>and expressly provided for meal periods for those employees</u>, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours

-4-
FIRST AMENDED COMPLAINT

1  worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum
2  wage rate.
3  36.    Here, the collective bargaining agreement did not expressly provide for meal periods, so
4  this meal period exemption does not apply.
5  37.    Further, none of the claims are preempted by the Labor Management Relation Act since the
6  meal period violations do not require the interpretation of any portion of the collective bargaining
7  agreement, and the collective bargaining agreement does not explicitly provide for meal periods.
8  38.    As a result, Defendants are required to remit premium pay pursuant to Cal. Lab. Code, §
9  26.7(c) for each missed break, which is one additional hour of pay at the regular rate of pay.

## SECOND CAUSE OF ACTION

Rest Period Violations

Against All Defendants

39.    Plaintiffs incorporate by reference paragraphs 1 to 16 of the first amended complaint.

40.    Pursuant to Wage Order 4 every employer shall authorize and permit employees to take rest periods of ten minutes for every four hours worked.

41.    Pursuant to Labor Code section 226.7(c) and IWC Wage Order 4, when the employer does not provide an employee with the required rest period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided.

42.    Plaintiffs and the class members were denied rest periods because they were required to remain at the worksite and working during all alleged rest periods and most of the time did not receive any rest periods since there were no breakers available to relieve them of duties.

43.    Pursuant to CACI No. 2760 and *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), an employer must do all the following for rest breaks: relieve the employee of all work duties and relinquish control over how the employee spends time during the rest break. This includes not requiring employees to remain on call or on-site during rest breaks. An employer does not have an obligation to keep records of rest breaks or ensure employees take rest breaks.

44. Defendants did not provide rest breaks, based on no longer providing breakers, which forms the basis of the rest break violations.

44. The exemption for security services industry employees for rest breaks in Cal. Lab. Code § 226.7(f)(1) does not apply since as stated in Cal. Lab. Code § 226.7(f)(3), the exemption only applies if there is a collective bargaining agreement that expressly provides for the wages, hours of work, and working conditions of employees, <u>and expressly provides for rest periods for employees</u>, final and binding arbitration of disputes concerning application of rest period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than one dollar more than the state minimum wage.

45. Here, the collective bargaining agreement did not expressly provide for rest periods, so this rest period exemption does not apply.

46. As a result of Defendants' rest period violations, Plaintiffs and the class members are entitled to premium pay which is one additional hour of compensation for each missed break at the regular rate of pay, pursuant to Cal. Lab. Code § 226.7(c).

<u>THIRD CAUSE OF ACTION</u>

Overtime Violations

Against All Defendants

47. Plaintiffs incorporate by reference paragraphs 1 to 16 of the first amended complaint.

48. Plaintiffs and the class members were required to work over eight hours in a day and/or 40 hours in a week without being compensated for all overtime in violation of Cal. Lab. Code § 510.

49. Explicitly stated, 29 CFR § 778.107 provides the regular rate of pay at which the employee is employed may in no event be less than the statutory minimum but if the employee's regular rate of pay is higher than the statutory minimum, overtime compensation must be computed at a rate not less than one and one-half times such higher rate.

50. The reason is that Plaintiffs and the class members were not paid overtime at the correct regular rate of pay; Plaintiffs and the class members received health and welfare payments that were not calculated into the regular rate of pay.

51.     Further, the exemption for overtime in Cal. Lab. Code § 514 does not apply since the dispute is about not paying wages at the correct regular rate. This was explained in *Wilson-Davis v. SSP America, Inc*., 434 F.Supp.3d 806 (C.D. Cal. 2020) as explained below:

52.     What constitutes the regular rate is a question of law. *See Bart v. Parkview Cmty. Hosp. Med. Ctr*., No. EDCV 14-1614-JGB (DTBx), 2014 WL 12703022, at *3 (C.D. Cal. Sept. 18, 2014) ("Depending on California's definition of 'regular rate,' 'a court can calculate the exact amount of overtime pay that is owed by looking to the CBA[s] and the past wages paid.'"); *see also Alonzo v. Maximus, Inc., 832 F. Supp. 2d 1122 (C.D. Cal. 2011)* (noting that courts look to the federal Fair Labor Standards Act to interpret "regular rates" under California law).

53.     The inquiry is whether a court must interpret the CBA to ascertain the factors comprising the regular rate. As stated in *Bart v. Parkview Comm. Hosp. Med. Ctr*., 2014 WL 12703022, *3 (C.D. Cal. Sept. 18, 2014): "Section 301 preemption does not apply where a state-law remedy is independent of a collective bargaining agreement in the sense that resolution of the state-law claim does not require construing the collective bargaining agreement. [Citation.] Section 301 does not preempt state-law causes of action simply because they require analysis of the same facts that would be at issue in a Section 301 claim [citation], or because the court must refer to the collective bargaining agreement, as opposed to interpreting its terms, in order to decide the claim. [Citation.] Only state-law causes of action 'that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements.' [Citation.]"

54.     Factoring in the health and welfare payments that Plaintiffs and the class members received does not require any interpretation of the CBA; it is a straightforward mathematical calculation.

55.     The calculation is contained in 29 CFR § 778.209(a): Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation. <u>No difficulty arises in computing overtime compensation if the bonus covers only one weekly pay period</u>. The amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked.

56. Thus, the exemption in Cal. Lab. Code § 514 does not apply, and Plaintiffs and the class members are owed overtime wages.

57. The remedy for the overtime violations is payment of the unpaid overtime at the correct regular rate of pay, plus interest and attorney fees, pursuant to Labor Code section 1194.

## FOURTH CAUSE OF ACTION

Wage Statement Penalties

Against All Defendants

58. Plaintiffs incorporate by reference paragraphs 1 to 16 of the first amended complaint.

59. Labor Code section 226(a) provides a list of information to include on wage statements.

60. Defendants knowing and intentionally violated this statute since overtime was not paid at the correct regular rate of pay, and the wage statements did not include premium pay for missed meal and rest breaks.

61. Restated, Defendants knew that Plaintiffs and the class members were receiving health and welfare payments but did not factor those payments in the regular rate; as a result overtime was not paid at the correct hourly rates.

62. Further, Defendants knew that Plaintiffs and the class members were not receiving meal and rest breaks based on the lack of breakers, but Defendants did not pay premium pay for the meal and rest break violations and the correct regular rates of pay.

63. As a result of these knowing and intentional violations, Labor Code section 226(e) requires Defendants to pay wage statement penalties up to $4,000 per class member, plus attorneys' fees and costs per class member.

## FIFTH CAUSE OF ACTION

Work Expenditure Reimbursements

Against All Defendants

64. Plaintiffs incorporate by reference paragraphs 1 to 16 of the first amended complaint.

65. Plaintiffs and the class members were at time required to purchase their own ammunition

for guard-related purposes and were not reimbursed.

66. The ammunition was a critical portion of Plaintiffs' and the class members' daily job duties, but they were not reimbursed for these work-related expenditures.

67. Pursuant to CACI No, 2750, to establish a violation of Cal. Lab. Code § 2802, a plaintiff must show the following: 1) he or she incurred expenses as a direct consequence of discharging their job duties, 2) the expenditures were necessary and reasonable, 3) Defendants did not reimburse for the full amount of the expenditures, and 4) the amount of expenditures.

68. It is not necessary in a complaint to list the exact amount each Plaintiff and each class member was not reimbursed since under Fed. R. Civ. P. 8(a)(2), what is needed is a short and plain statement of the claim showing that the pleader is entitled to relief, which has been provided.

69. Pursuant to Cal. Lab. Code § 2802, Plaintiffs and the class members are entitled to reimbursement of work-related expenses and attorney fees.

<u>SIXTH CAUSE OF ACTION</u>

Violation of Unfair Competition Law

Against All Defendants

70. Plaintiffs incorporate by reference paragraphs 1 to 16 of the first complaint.

71. This claim is being brought under the unlawful prong of the UCL.

72. Defendants violated the Labor Code and IWC Wage Order by not paying all overtime and premium pay at the correct regular rate, and not reimbursing for work-related expenses.

73.. Plaintiffs and the class members are entitled to restitution pursuant to Business and Professions Code section 17203.

74. Under Code of Civil Procedure section 1021.5, Plaintiffs are entitled to attorney fees.

<u>SEVENTH CAUSE OF ACTION</u>

PAGA Penalties

Against All Defendants

75. Plaintiffs incorporate by reference paragraphs 1 to 16 of the first amended complaint.

76. The PAGA period is from January 23, 2022 through the date of judgment.

77. The PAGA penalties relate to the following: 1) no meal breaks, 2) no rest breaks, 3) not paid overtime at the correct regular rate of pay, 4) unreimbursed work expenses, and 5) wage statement violations.

78. The PAGA penalties for the meal break violations are contained in Cal. Lab. Code §§ 558 and 269.

79. The PAGA penalties for the rest break violations are contained in Cal. Lab. Code § 2699.

80. The PAGA penalties for the regular rate violations are contained in Cal. Lab. Code §§ 558, 1197.1, and 2699.

81. The PAGA penalties for the unreimbursed work expenses are contained in Cal. Lab. Code, § 2699.

82. The PAGA penalties for the wage statement violations are contained in Cal. Lab. Code, § 2699.

83. Plaintiffs are also entitled to attorney fees and costs under Cal. Lab. Code § 2699(g).

## PRAYER

For All Causes of Action

1. That the court determine that this action may be maintained as a class action
2. That Plaintiffs serve as representatives of the class
3. That Counsel for Plaintiffs be appointed as class counsel.

First Cause of Action

1. Premium pay at the correct regular rate of pay
2. Other relief the court deems proper

Second Cause of Action

1. Premium pay at the correct regular rate of pay
2. Other relief the court deems proper

///

Third Cause of Action

1. Payment of overtime at the correct regular rate of pay

2. Attorney fees and costs

3. Interest

4. Other relief the court deems proper

Fourth Cause of Action

1. Wage statement penalties

2. Attorney fees and costs

3. Other relief the court deems proper

Fifth Cause of Action

1. Reimbursement of work-related expenses

2. Attorney fees

2. Other relief the court deems proper

Sixth Cause of Action

1. Restitution of unpaid wages, premium pay, and work expenditures

2. Attorney fees and costs

3. Other relief the court deems proper

Seventh Cause of Action

1. All applicable PAGA penalties

2. Attorney fees and costs

Date:   March 31, 2023                             FRONTIER LAW CENTER

                                                   /s/ Adam Rose
                                                   Attorney for Plaintiffs
                                                   Tanisha Buckner, et al.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial pursuant to Fed. R. Civ. P. 38(b).

Date:  March 31, 2023                    FRONTIER LAW CENTER

/s/ Adam Rose
Attorney for Plaintiffs
Tanisha Buckner, et al.